# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ELLIOTT WILLIAMS, #0481914, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:17-cv-627-JDK-KNM |
| § | |
| JEFFREY CATOE, et al., § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Elliott Williams, a Texas Department of Criminal Justice inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

Before the Court are Defendants Jeffrey Catoe and William Wheat's motion for summary judgment on the merits (Docket No. 238) and Plaintiff's motion for summary judgment regarding Defendants Catoe and Wheat (Docket No. 222). On May 19, 2021, Judge Mitchell issued a Report recommending that the Court grant in part and deny in part Defendants' motion and deny Plaintiff's motion. Docket No. 291. Both parties timely objected. Docket Nos. 293, 301.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the

1

law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Defendants first objection asks the Court to excuse the untimeliness of their arguments on Plaintiff's failure to exhaust administrative remedies and deem those arguments as timely filed. Docket No. 293 at 2–4. Under the Court's Amended Scheduling Order, the deadline to move for summary judgment on the issue of exhaustion was April 20, 2020, and the deadline to move for summary judgment on all other issues was July 17, 2020. Docket No. 164 at 2. Defendants Catoe and Wheat did not file an exhaustion summary judgment motion by April 20. On July 16, they sought a two-week extension of the summary judgment deadline. Docket No. 223. The Court granted that request, stating: "Defendants Catoe and Wheat shall file their motion for summary judgment **based on the merits** on or before August 7, 2020." Docket No. 228 (emphasis added). Defendants moved for summary judgment on August 7, 2020, arguing both failure to exhaust administrative remedies and the merits of Plaintiff's claims. Docket No. 238. In his response to Defendants' motion, Plaintiff argued that Defendants should have presented their exhaustion arguments by the April 20, 2020 deadline. Docket No. 249 at 1. Despite these notices, Defendants never sought leave to cure the tardiness of the exhaustion argument. Accordingly, Judge Mitchell recommended that Defendant's out-of-time exhaustion arguments not be considered. Docket No. 291 at 16–19.

Defendants finally addressed the tardiness of their exhaustion arguments only after Judge Mitchell issued her report. In their objections, Defendants argue that the delay was caused by counsel's misunderstanding of the scheduling order. Docket No. 293 at 2–3. However, parties may not raise "new evidence, argument[s], and issues that were not presented to the magistrate judge, absent compelling reasons." *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 850 (5th Cir. 1998). Here, Defendants had ample opportunity and multiple warnings to ask Judge Mitchell for leave to cure their out-of-time exhaustion arguments but failed to do so. Because "an issue raised for the first time in an objection to a magistrate judge's report is not properly before the district court," this objection is overruled. *Place v. Thomas*, 61 F. App'x 120, 2003 WL 342287, at *1 (5th Cir. 2003) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).

Further, even considering Defendants' exhaustion argument, Judge Mitchell determined that Defendants failed to meet their burden to show that Plaintiff failed to exhaust the available administrative remedies as to his 2016 cardiovascular claims. Docket No. 291 at 19–24. Defendants also object to this recommendation. Docket No. 293 at 5–7.

Defendants have the burden to demonstrate "beyond peradventure" that Plaintiff did not exhaust his 2016 claims. *See Abbott v. Babin*, 587 F. App'x 116, 118 (5th Cir. 2014) ("When defendants seek to avail themselves of the affirmative defense of failure to exhaust, they bear the burden of showing that administrative remedies were not exhausted"); *see also Morgan v. Tex. Dep't of Criminal Justice McConnell*

3

*Unit*, 537 F. App'x 502, 508 (5th Cir. 2013) (same); *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir. 2010) (noting that prison officials "must establish beyond peradventure all of the essential elements of the defense of exhaustion"). Defendants argue that Plaintiff did not prove that he exhausted his 2016 cardiovascular claims against Defendant Catoe. Within the exhaustion of administrative remedies context, the summary judgment burden does not shift to the non-movant until the movant has established beyond peradventure that the non-movant did not exhaust his administrative remedies to completion. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

In their summary judgment motion, Defendants argued that the three relevant grievances Plaintiff submitted between November 2016 and September 2017 failed to properly exhaust his claims in this case. Docket No. 238 at 6–8. But as Judge Mitchell explained, Defendants provided no argument or evidence in their motion that Plaintiff failed to exhaust any claims before November 2016. Docket No. 291 at 20. And the conduct at issue for Plaintiff's 2016 cardiovascular claim occurred before his October 31, 2016 heart attack. *Id.* at 27–32. Thus, exhaustion of this claim was never properly raised before the Magistrate Judge and is therefore not properly raised in an objection. *Place*, 61 F. App'x 120, 2003 WL 342287, at *1. This objection is overruled.

Plaintiff's objections generally restate the arguments presented in his complaint and summary judgment briefing. Objections that simply rehash or mirror the underlying claims addressed in the Report do not require de novo review. *See U.S. v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely

4

objections to a report and recommendation entitle the objecting party to de novo review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, No. 97-cv-3775, 2002 WL 31174466 *1 (S.D.N.Y. Sept. 30, 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate judge's recommendations.").

Having conducted a de novo review of the parties' specific objections, the Report, and the record in this case, and having reviewed the remainder of the Report for clear error or abuse of discretion, the Court has determined that the Report of the United States Magistrate Judge is correct, and the parties' objections are without merit. The Court therefore **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 291) as the opinion of the District Court. Defendants Jeffrey Catoe and William Wheat's Motion for Summary Judgment (Docket No. 238) is **GRANTED** in part and **DENIED** in part. Plaintiff's Motion for Summary Judgment (Docket No. 222) is **DENIED** as to Defendants Catoe and Wheat. Plaintiff's 2016 cardiovascular claims against Defendant Jeffrey Catoe shall remain on the docket and will be set for trial as the Court's docket permits. The remainder of Plaintiff's claims against Defendants Jeffrey Catoe and William Wheat are **DISMISSED WITH PREJUDICE**.

So **ORDERED** and **SIGNED** this **9th** day of **September, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

5